## LABBE v. BROUSSARD.
### No. 1661.

Court of Appeal of Louisiana.
First Circuit.

Dec. 10, 1936.

O. J. Mestayer, of New Iberia, for appellant.

Voorhies & Broussard, of St. Martinville, for appellee.

LE BLANC, Judge.

This is a suit on two promissory notes, both dated November 1, 1929, and both conditioned to bear interest at the rate of 8 per cent. per annum from maturity and both carrying a penalty clause of 10 per cent. additional as attorney's fees in the event of collection through an attorney at law after maturity. One of the notes is for the sum of $400 and is payable twelve months after date, and the other for the sum of $200, payable December 25, 1930. The first is subject to a credit of $12 paid on February 1, 1934, and the second to credits of $40 paid on May 1, 1931, and $96 paid on December 25, 1931. Both notes are signed by the defendant, Adonis Broussard, his signature appearing by mark (x) witnessed by Marie Louise Broussard, who is shown to be his daughter, and T. J. Labbe, plaintiff herein. Both are plain, ordinary promissory notes, and the petition contains the usual allegations in which a cause of action on such obligations is presented.

In answer to the petition, defendant, for lack of information, denied all allegations, and then, assuming the position of a plaintiff in reconvention, set out a business relation which he alleges existed between himself and the plaintiff, extending back for a period of sixteen years and which arose out of a contract of lease between them, under which various crops were raised and other transactions had, for all of which there had never been an accounting, and, without asking that the plaintiff's suit be dismissed, he prayed that a strict accounting of what he termed as a commercial relationship between them be ordered by the court.

Plaintiff filed an exception of no cause of action to the defendant's reconventional demand, whereupon an amended answer was filed. In this amended answer, the same denial, for lack of sufficient information of the allegations of plaintiff's petition is made, and virtually the same allegations made on the claim in reconvention, but instead of merely alleging that there had never been an accounting, defendant set out at length an indebtedness in his favor, growing out of their business relations during the whole period, which amounted to the sum of $3,568. Briefly stated, defendant claims for labor for repairing a barn, the sum of $35; for removing a shed from St. Martinville to the farm, $30; for stubble and plant cane which he left on the farm when evicted, $418; balance due from crop operations for each of the years beginning with the year 1924, and ending with the year 1933, with the exception of 1927, the year of the

flood, $3,085; and a certain interest in the sheep and cattle under an agreement which he avers he had to take care of them. Again he does not ask for a dismissal of the plaintiff's suit, but merely prays for judgment against the plaintiff in the sum of $3,568 and costs.

Judgment in the court below which was supported by convincing written reasons handed down by the district judge, was in favor of the plaintiff, as prayed for in his petition, and against the defendant rejecting the reconventional demand. The latter has appealed.

Plaintiff identified the two notes sued on and testified that except for the payments made on each, they were both past due and unpaid. On cross-examination, counsel for defendant attempted to introduce testimony regarding their execution and signing, which was met with a prompt objection on the ground that the answer failed to deny the existence of the notes or the signatures thereto, nor had any foundation been laid for the admission of parol testimony surrounding their execution. The objection was sustained, and in our opinion properly so. A careful consideration of the defendant's answer to the demand on the notes shows the weakness of the defense attempted on the trial of the case. In the first place, all allegations regarding that demand were denied merely from lack of sufficient information. No special denial was made of their execution, nor was any special defense pleaded with regard to them, and it is significant that in his prayer, defendant neither asked for a dismissal of the demand nor for compensation between them. The inference from the pleadings alone is strong that the indebtedness exists, and the testimony of the plaintiff makes the proof thereof certain.

We enter into a consideration of the reconventional demand with the accepted proposition before us that a defendant who presents such a claim assumes the place of the plaintiff in the main demand and is therefore held to the same burden and degree of proof as is the latter. He must prove his claim by a clear preponderance of evidence, and to a legal certainty. We agree with the learned district judge, that the defendant in this case has failed to carry that burden.

In order to support his claims, defendant had the plaintiff ordered, under a subpoena duces tecum, to produce all records of accounts between them, including all journal and ledger entries and all records of disbursements and payments in regard to the alleged transactions between them and covering the operations of the farm. In answer to the subpoena, plaintiff produced such records and accounts as he said he had. These consisted of carbon copies of loose-ledger sheets covering the crop operations and statements of defendant's account with the plaintiff's drug store. Not being satisfied with the return made by plaintiff, defendant, by motion of his counsel, asked the court that he be permitted to traverse the same. The court heard the motion, and on the showing made by plaintiff, overruled it. Counsel complains of the ruling of the court, but we note that there was no bill reserved thereto, and the matter is not now reviewable on appeal.

The accounts, as they appear, are in rather crude form, but they are sufficiently intelligible to show the credits and debits between the parties at the end of each year's transactions, and when considered as a whole, they prove a small balance in favor of the plaintiff instead of defendant. Plaintiff swore to the correctness of the accounts, and defendant was unable to disprove them.

The only testimony defendant offered besides the accounts was his own verbal statements, which are of the most vague and general character, and which could not possibly form the basis of a judgment in a proceeding involving an intricate accounting between two parties engaged in a business covering a period of some ten years. As an example, we quote his testimony on some of the items which go to make up the largest part of his claim: He was asked by his counsel, "For the year 1925 you make a demand for balance due by Mr. Labbe, Two hundred and ten dollars, how do you arrive at those figures?" His answer was: "I figured the crop would have brought me Five hundred and ten dollars and he advanced me three hundred dollars, therefore there would be left two hundred and ten dollars." That testimony is followed by this general question: "Therefore, each demand you make up to the year 1933 is made on the same principle?" and the answer is, "About." When we consider that according to the agreement between them, plaintiff was entitled to a one-quarter of the proceeds of

the crop, which amount is not taken into account whatever by the defendant in his testimony, we can readily see the weakness of it and how impossible it would be for the court to arrive at any definite conclusion, granting that there had been any balance whatever in his favor. His proof with regard to the other claims consists of his unsupported statement and each of the items claimed is denied by the plaintiff.

Having failed entirely to substantiate any of his claims, defendant's reconventional demand was bound to fall.

The judgment of the lower court in favor of the plaintiff on the main demand and which rejected the reconventional demand of the defendant is correct in both respects, and it is therefore affirmed.